UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-318-JBC

GERALD R. SMITH and
DEBORAH O. SMITH,                                                         PLAINTIFFS,

V.                      MEMORANDUM OPINION AND ORDER

BEVERLY PARKER, et al.,                                                   DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

The court will grant the defendants' motion for summary judgment (R. 16) because the plaintiffs have failed to establish federal subject-matter jurisdiction.

The pro se plaintiffs, Gerald and Deborah Smith, sued several Kentucky state officials because the officials attempted to enforce Gerald Smith's past-due child support obligations. They assert claims under 42 U.S.C. §§ 1983, 1985, and 1986; and various criminal offenses under Title 18 of the U.S. Code. They expressly plead federal-question jurisdiction but not diversity-of-citizenship jurisdiction. *See* R. 1 at 1.

The Smiths' Section 1983 claim is barred by the statute of limitations. The time limitation for bringing a Section 1983 action is governed by the limitation period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, Section 1983 actions are limited by a one-year period. K.R.S. § 413.140(1); *Collard v. Ky. Bd.*

1

*of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  The statute of limitations accrues when a plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint.  *Ruff v. Runyon*, 258 F.3d 498, 500-01(6th Cir. 2001); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).  Here, the last of the Smiths' claims accrued no later than June 2009, when the Smiths accuse defendant Beverly Parker of "extorting" the Smiths' money from the Internal Revenue Service.  Any acts that the defendants allegedly took after June 2009 furthered previously accrued claims.  The Smiths filed their complaint in this action on September 10, 2010, more than one year after the last claim accrued and the limitation period expired.

The Smiths' Section 1985 claim fails because the Smiths fail to allege a deprivation of equal protection or equal privileges and immunities as required by that statute.  Although the Smiths disapprove of the way the defendants handled the child-support matter, they never allege the existence of a race- or other class-based invidiously discriminatory conspiracy.  *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005).

The Smiths' Section 1986 claim must be dismissed because its survival is dependent on the survival of their Section 1985 claim.  The Smiths would have a Section 1986 claim only if a defendant neglected or refused to prevent or aid in preventing the commission of a Section 1985 conspiracy.  Without a Section 1985 claim, the Smiths lack a Section 1986 claim.  *Radvansky*, 395 F.3d at 314-15.

The Smiths' claims under the criminal statutes also fail. The Smiths' claims under 18 U.S.C. §§ 1201, 1341, 1344, and 1956 fail because those statutes do not provide private, civil causes of action. *See*, *respectively*, *Giano v. Martino*, 673 F. Supp. 92, 95 (E.D.N.Y. 1987); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178-79 (6th Cir. 1971); *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 528-29 (E.D. Ky. 2005); and *Barrett v. City of Allentown*, 152 F.R.D. 50, 55-56 (E.D. Pa. 1993).

The Smiths also plead 18 U.S.C. § 1961, which is the definitions section of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The court construes the Smiths' complaint liberally and assumes that they are actually pleading RICO's civil cause of action provided in 18 U.S.C. § 1964. RICO, however, is generally an inappropriate cause of action in a domestic-relations case. *See McMurtry v. Brasfield*, 654 F. Supp. 1222, 1226 (E.D. Va. 1987). The Smiths' case demonstrates why. RICO requires proof of an ongoing pattern of racketeering that affects multiple victims. *Id.* at 1226. The Smiths fail to allege that the defendants' activities affected anyone other than themselves or that the scope of the defendants' activities extended beyond collecting child-support debt.

Finally, the Smiths filed a motion to amend their complaint (R. 10), in which they appear to request additional injunctive relief and have the court bar the defendants from taking further action in the state-court proceedings. The court denies the motion because amendment would be futile. If the state-court proceedings are still pending, this court will not interfere with them because there

is no proof that failing to do so would result in immediate, substantial, and irreparable injury to the Smiths. *Moore v. Sims*, 442 U.S. 415, 423-24 (1979). If the state-court proceedings have concluded, this court lacks authority to review final judgments of state-court proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998).

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (R. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Smiths' motion to amend (R. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the pending motions to strike (R. 8, 12) and motion to clarify (R. 15) are **DENIED** as moot.

A separate judgment will issue.

Signed on June 2, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY